CHARLES S. CYBULSKI *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF ENFIELD ET AL. (13704)

Foti, Lavery and Schaller, Js.

Argued January 23—officially released September 17, 1996

*Timothy S. Hollister*, with whom, were *Aline Gold-bach* and, on the brief, *R. Webb Steadman*, for the appellant (defendant Lego Building Corporation).

*James W. Sherman*, with whom was *Kevin C. Sandberg*, for the appellee (plaintiff).

LAVERY, J. The defendant Lego Building Corporation[1] appeals from the judgment of the trial court concluding that the commission's approval of the special use permit was illegal, arbitrary and an abuse of discretion. On appeal, Lego claims that the trial court improperly (1) determined the dimensions of a public road when the plaintiff did not plead, prove or brief such claims, (2) decided the plaintiff's misrepresentation claim by conducting a de novo inquiry into the issue and placed the burden of proof on the defendants, (3) held that the commission did not have substantial evidence before it to support its approval of the proposed use of a public road, (4) determined that the town abandoned the unpaved areas of the public road, (5) failed to find an implied dedication and acceptance of the road and (6) failed to find a private easement over which Lego could access its property.[2] We conclude that the trial court improperly decided issues of title

---

[1] The defendants in this case are the planning and zoning commission of the town of Enfield (commission) and Lego Building Corporation (Lego).

[2] The plaintiff argues in his brief that this appeal is moot because Lego has obtained commission approval of a route for traffic that does not involve Cybulski Road. " 'When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot.' *In re Romance M.*, 229 Conn. 345, 357, 641 A.2d 378 (1994)." *Loisel* v. *Rowe*, 233 Conn. 370,

to the road in this zoning matter when there was substantial evidence before the commission that the town held title to the road.

The following facts are relevant to the issues raised in this appeal. Lego is the owner of a large tract of land in Enfield on which currently exists a manufacturing plant, distribution center and administrative offices. This matter involves Lego's proposal to construct an office building and parking facilities on the southeast portion of its property. Lego seeks to use a road known as Cybulski Road as primary access to the new office building. Cybulski Road borders properties owned by the plaintiff.

Lego's property is bounded on the west by the New York, New Haven and Hartford Railroad Company; on the north by Shaker Road; on the east by Taylor Road; and on the south by residential properties of the plaintiff and various manufacturing operations located along Moody Road. Print Shop Road and Cybulski Road each run north-south and provide access from Lego's property to Moody Road, a major east-west thoroughfare in Enfield. Print Shop Road is located approximately 800 feet west of Cybulski Road and provides access to Lego's manufacturing facility. Cybulski Road is thirty feet in width for a short distance from its intersection with Moody Road. As Cybulski Road continues north, the pavement narrows to twelve feet.

On February 18, 1993, Lego filed an application with the commission for a special use permit and site plan approval for its new office building pursuant to chapter 16 of the Enfield zoning ordinances. In its application, Lego proposed that primary traffic access to the office

378, 660 A.2d 323 (1995). Our review of the record, however, reveals that Lego has temporarily modified its site plan until this appeal is resolved in order to allow construction and occupancy of a portion of the defendant's office building.

building would be by way of Cybulski Road. Lego sought improvements to Cybulski Road, including widening it to thirty feet and extending it to Lego's property line. Lego's application lists Cybulski Road as an abutting public street.

At the public hearing, the plaintiff opposed the use of Cybulski Road to access Lego's office building. The plaintiff expressed concern that enhanced traffic on Cybulski Road would damage the plaintiff's buildings, which are listed in the National Register of Historic Places. The plaintiff did not raise an issue as to the status of title to Cybulski Road.

Lego represented to the commission that Cybulski Road is an existing town roadway extending from Moody Road to a terminus at Lego's south property line. Mogens Jessen, representing Lego at the public hearing, stated: "With regard to the improvements that are being proposed to Cybulski Road, let us keep in mind that this is a public town roadway." Mark Friend, the civil engineer on the project, testified that Cybulski Road was a sixty foot wide town road and presented an exhibit to the commission illustrating the town's sixty foot wide right-of-way extending from Moody Road to Lego's south property line. Lego also submitted site plans portraying Cybulski Road as a sixty foot wide public roadway. Lego's traffic impact study listed Cybulski Road as an existing town roadway. Eileen Cybulski acknowledged at the public hearing that Cybulski Road is a town road.

On May 27, 1993, the commission rendered its decision approving Lego's application, but limiting the repaving of Cybulski Road to twenty-four feet in width. On June 7, 1993, the plaintiff filed an appeal in the Superior Court. In his brief to the Superior Court, the plaintiff claimed that (1) the commission's decision authorizing the widening of Cybulski Road was not

supported by substantial evidence, (2) the commission improperly delegated certain decisions to the town staff and (3) the commission improperly permitted the introduction of additional evidence after the close of the public hearing.[3] Prior to the hearing before the trial court, the plaintiff orally claimed that the commission did not have adequate information on the record to determine that Cybulski Road was a public right-of-way extending from Moody Road to Lego's south property line. In response to the plaintiff's claim, the trial court, sua sponte, ordered that additional testimony be taken to determine the status of title to Cybulski Road.

In its memorandum of decision, the trial court recognized that it could neither decide issues of title nor the dimensions of public easements upon land in a zoning matter. Nevertheless, the trial court found that "[t]here was no evidence before the commission in the form of deeds of grant, town highway maps, evidence of public use, special dedication, or any other substantial evidence to support a determination that Cybulski Road is a public highway sixty feet in width extending from Moody Road to the south boundary of the applicant's land." The trial court concluded that the granting of the application allowing the paving of Cybulski Road to twenty-four feet throughout the entire distance from Moody Road to the south property line of Lego's property was illegal, arbitrary and an abuse of discretion.

The dispositive issue in this appeal is whether the trial court improperly decided the issue of title to Cybulski Road when there was uncontroverted evidence before the commission demonstrating that Cybulski

---

[3] In his appeal to the Superior Court, the plaintiff also claimed that the commission improperly imposed conditions on approval and that the notices of the public hearing were inadequate. The plaintiff did not brief this issue. Issues that are initially raised in a zoning appeal which are not briefed by the plaintiff will be considered abandoned and will not be decided. *Shaw* v. *Planning Commission*, 5 Conn. App. 520, 525, 500 A.2d 338 (1985).

Road was a sixty foot wide public right-of-way extending from Moody Road to the south boundary of the Lego's land. During the appeal from the commission's decision on the application, the trial court solicited evidence pertaining to the public status of Cybulski Road. The court, thereafter, held that the plans and drawings submitted to the commission were inadequate as a matter of law to support the commission's conclusion. We disagree.

When the commission acts on a special permit or site plan, it acts in an administrative capacity and its function is to determine whether the applicant's proposed use is one that satisfies the standards set forth in existing regulations and statutes. It is well settled that a commission cannot decide issues of title or ownership of real property. *Beckish* v. *Manafort,* 175 Conn. 415, 422 n.7, 399 A.2d 1274 (1978); R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 8.3. The commission does not have the authority to determine whether the claimed right-of-way is a public highway, since that conclusion can be made only by a judicial authority in a quiet title action governed by General Statutes § 47-31. *Gagnon* v. *Municipal Planning Commission,* 10 Conn. App. 54, 58, 521 A.2d 589, cert. denied, 203 Conn. 807, 525 A.2d 521 (1987).

Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably. *Wnuk* v. *Zoning Board of Appeals,* 225 Conn. 691, 695–96, 626 A.2d 698 (1993). In appeals from administrative zoning decisions, the commission's conclusions will be invalidated only if they are not supported by substantial evidence in the record. *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 540–41, 525 A.2d 940 (1987). The substantial evidence rule is similar to the "sufficiency of the evidence" standard applied in judicial review of jury verdicts, and evidence is suffi-

cient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id., 541–42. " 'The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised. *Torsiello* v. *Zoning Board of Appeals*, 3 Conn. App. 47, 49, 484 A.2d 483 (1984). The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site; id., 49–50; or through their personal knowledge of the area involved. *Burnham* v. *Planning & Zoning Commission*, 189 Conn. 261, 267, 455 A.2d 339 (1983). Where a zoning authority has expressed the reasons for its decision, a reviewing court "may only determine if the reasons given are supported by the record and are pertinent to the decision," and the authority's action " 'must be sustained if even one of the stated reasons is sufficient to support it.' " *Torsiello* v. *Zoning Board of Appeals*, supra, 50, quoting *Hoagland* v. *Zoning Board of Appeals*, 1 Conn. App. 285, 290, 471 A.2d 655 (1981).' *Oakwood Development Corporation* v. *Zoning Board of Appeals*, 20 Conn. App. 458, 460–61, 567 A.2d 1260, cert. denied, 215 Conn. 808, 576 A.2d 588 (1990)." *Connecticut Health Facilities, Inc.* v. *Zoning Board of Appeals*, 29 Conn. App. 1, 10–11, 613 A.2d 1358 (1992).

The plaintiff claims that Lego was required to provide written evidence of the town's interest in Cybulski Road sufficient to show the twenty-four foot public right-of-way pursuant to § 16-3 of the Enfield zoning ordinances.[4] The plaintiff argues that the trial court was

---

[4] Section 16-3 of the Enfield zoning ordinances provides in pertinent part: "The following in their collective entirety shall, for the purpose of this

authorized to take additional testimony as to the public status of Cybulski Road pursuant to General Statutes § 8-8 (k)[5] because Lego failed to provide the commission with substantial evidence concerning title to the road.

In this case, we conclude that the commission had substantial evidence before it showing that Cybulski Road was a town road. Lego represented to the commission on several occasions during the public hearing that Cybulski Road was a town road. Lego also submitted several site plans to the commission exhibiting Cybulski Road as a sixty foot wide public right-of-way extending from Moody Road to the south boundary of Lego's property. The plaintiff's arguments before the commission neither challenged the public status of Cybulski Road nor the dimensions presented in Lego's site plans. Our review of the record reveals that the status of Cybulski Road as a public, sixty foot wide right-of-way was an uncontroverted fact before the commission that was supported by substantial evidence. The trial court, therefore, improperly concluded that there was not substantial evidence before the commission that Cybulski Road was a sixty foot public highway extending from Moody Road to the south boundary of Lego's land.

The judgment is reversed and the case is remanded for further proceedings to decide the remaining issues on the plaintiff's appeal.

In this opinion the other judges concurred.

ordinance, constitute an application: (c) written evidence of an interest in the property for which application is made sufficient to enable application for the use and/or development for which approval is sought. Submission of this evidence shall be representation by the applicant that sufficient interest is in his possession, and the commission shall be held harmless for this representation . . . ."

[5] General Statutes § 8-8 (k) provides in relevant part: "The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if . . . (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. . . ."