[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED NOVEMBER 15, 1996
This is an action instituted by the plaintiff, Avalon Properties, Inc., appealing the decision of the defendant, Inland Wetlands and Watercourses Commission of the Town of Trumbull, that denied Avalon's request for a reduction in the $5,000.00 application fee charged by the Commission CT Page 10174 for a permit to construct a perimeter fence. The plaintiff is the owner of the property subject to the application at issue and the Court finds that the plaintiff is statutorily aggrieved.
Section 22-42a(e) of the General Statutes allows the Commission to require applicants to pay a filing fee sufficient "to cover the reasonable cost of reviewing and acting on applications and petitions." The record shows that the defendant in implementing this statute has established a formula that is used to determine the fee. The use of such a formula is not prohibited, per se, but the fee imposed in any particular case must nevertheless be "reasonable" to satisfy the requirements of the statute.
The Commission correctly notes that the plaintiff bears the burden of proving that the Commission acted improperly, however the Court must look to the record to determine whether this burden has been met. In reviewing the Commission's decision, the Court's task is to determine whether the reasons for the Commission's decisions are supported by the record.Goldberg v. Zoning Commission, 173 Conn. 23,25-26, 376 A.2d 385 (1977). The Court cannot substitute its judgment for that of the agency but the Court must ensure that the agency's decision is not arbitrary or unreasonable. Cybulski v. Planning and ZoningCommission, 43 Conn. App. 105, 110 (1996) (Superior Court's review is "limited to a determination of whether the Commission acted arbitrarily, illegally or unreasonably"). The Court must also ensure that the agency has acted in a lawful manner and within its statutory authority. Huck v. Inland Wetlands WatercoursesAgency, 203 Conn. 525, 536, 525 A.2d 940 (1987) ("In all its proceedings, a regulatory agency must act strictly within its statutory authority, within constitutional limitations, and in a lawful manner").
Although the Commission had the opportunity to supplement the record in this case, nothing in the record justifies the $5,000.00 fee charged here. The Commission is not required to produce or maintain detailed expense account records for every case coming before it, but when the amount of the fee is CT Page 10175 contested or appealed, the Commission must be prepared to support the reasonableness of the fee with some evidence. Otherwise the fee would become an arbitrary charge imposed by administrative fiat with no bearing to the reasonableness requirement of § 22a-42a(e). On the basis of the evidence of this record reflecting the Commission's expenses of $427.90, this Court concludes that any charge above $500.00 is an unreasonable, arbitrary and capricious fee.
Therefore the appeal is sustained and the defendant, Inland Wetlands and Watercourses Commission of the Town of Trumbull, is ordered to pay a refund of $4,500.00 to the plaintiff, Avalon Properties, Inc., within 60 days of this order. The plaintiff's request for prejudgment interest is hereby denied.
STEVENS, J.