[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principal question on this case is the extent to which issues of title may be raised in zoning appeals. For the reasons discussed below, the court's ability to decide issues of title in this procedural setting is limited in the extreme.
The individual defendants — Barbara T. Bucher, Mary Ann Travers and Janet A. Streeto — own a residential lot located at 13 Willow Road in Branford. In November 1995, they appealed to the Branford Zoning Board of Appeals (the "ZBA") for certain variances necessary to constrict a residence on the lot. The hardship claimed was that strict application of the Regulations would effectively prohibit the construction of a residence on the lot and render the lot virtually unusable.
The ZBA voted to grant the application on December 12, 1995 Thereafter, two abutting property owners, Robert Dwyer and Andrew Dwyer, filed a timely appeal to this Court. It was stipulated at the hearing that the plaintiffs are aggrieved by virtue of their ownership of abutting property. Conn. Gen. Stat. § 8-8 (1).
The plaintiffs raise a number of issues on appeal but describe as their "fundamental claim" their assertion that the individual defendants do not own quite all of the subject property. The cynosure of attention is a triangular strip of land containing about 1,000 square feet that runs along the edge of the property bordering Willow Road. The plaintiffs claim that this strip was never conveyed to the defendants' predecessor in title by a 1943 deed. The defendants claim that the 1943 deed was at worst ambiguous, but they buttress their claim by a 1995 quitclaim deed that more clearly gives them ownership of the disputed strip. The plaintiffs do not themselves claim ownership of the disputed strip. They contend that ownership properly belongs to the heirs at law of the 1943 grantor. It should also be noted that the "footprint" of the defendants' proposed residence does not touch the disputed strip in any event. The thrust of the plaintiffs' position is that the defendants' application for a variance, by misinterpreting the CT Page 1546 property lines, incorrectly describes the necessary setbacks.
Cybulski v. Planning Zoning Commission, 43 Conn. App. 105,682 A.2d 1073, cert. denied, 239 Conn. 949, 686 A.2d 123 (1996), stands as a cautionary beacon against improper decisions of issues of title in the context of zoning appeals. It is well settled, asCybulski reminds us, that "a commission cannot decide issues of title or ownership of real property." Id. at 110. That determination "can be made only by a judicial authority in a quiet title action governed by General Statutes § 47-31." Id.
 Cybulski also limits the role of courts hearing zoning appeals from local boards. These appeals are not quiet title actions:
 Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably. . . . In appeals from administrative zoning decisions, the commission's conclusions will be invalidated only if they are not supported by substantial evidence in the record. . . . The substantial evidence rule is similar to the "sufficiency of the evidence" standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred.
43 Conn. App. at 110-11.
The Cybulski standard leads to a clear result in this case. The plaintiffs' voluminous arguments concerning title would be appropriate in the context of a quiet title action, but they are not appropriate in the context of a zoning appeal. The question is whether the ZBA's decision is supported by substantial evidence in the record. After a careful examination of the entire record, I am convinced that the ZBA's decision is adequately supported by the record. The ambiguities in the 1943 deed, the apparent fact that no one other than the defendants and their predecessors in title has claimed title to the disputed strip in the succeeding half century, and the 1945 quitclaim deed are at a minimum substantial evidence supporting the proposition that the defendants indeed own the disputed strip. There has been no judicial action with any contrary result, as there was in Kefauver v. Zoning Board ofCT Page 1547Appeals, 151 Conn. 144, 146, 195 A.2d 422 (1963), the primary authority relied upon by the plaintiffs at argument. Under these circumstances, the plaintiffs cannot succeed in their "fundamental claim."
The plaintiffs additionally present a number of what they describe as "less fundamental claims." Their first such claim is, that the variances now challenged could not be granted because the ZBA had denied an allegedly similar request approximately five months earlier. The record shows that the plaintiffs filed an earlier appeal for a variance on June 20, 1995. That appeal, filed without benefit of counsel, was somewhat confusingly worded and requested different setbacks than those requested in the ultimately successful November 1995 application. The June 1995 appeal was denied on July 11, 1995 on the ground of "no proven hardship. "
There is a doctrine that prohibits zoning boards of appeals from reversing their previous decisions absent a material change in circumstances. Consiglio v. Board of Zoning Appeals,153 Conn. 433, 438, 217 A.2d 64 (1966). "The principle applies, however, only when the subsequent application seeks substantially the same relief as that sought in the former. And it is for the administrative agency, in the first instance, to decide whether the requested relief in both applications is substantially the same. Its determination will be disturbed only if its discretion was abused." Fiorilla v. Zoning Board of Appeals, 144 Conn. 275,279, 129 A.2d 619 (1957). It was thus for the ZBA in the first instance to decide whether the relief sought in both applications was substantially the same. A careful examination of the two applications leads to the conclusion that the ZBA did not abuse its discretion by concluding that they were not so substantially similar as to preclude a new application.
The plaintiffs next contend that the variances granted by the ZBA are excessive because the east and west porches of the residence in question could instead be put on the north and south, thus allegedly reducing or eliminating the need for setback variances. The limited discussion that the plaintiffs give this issue makes it extremely difficult to understand. It is not at all clear from the evidence in the record that a realignment of the porches would indeed reduce or eliminate the need for setback variances. Nor is it clear if the plaintiffs are claiming a lack of hardship or some other error. The one authority that they cite, L G Associates, Inc. v. Zoning BoardCT Page 1548of Appeals, 40 Conn. App. 784, 786, 673 A.2d 1146 (1996), stands for the proposition that variances once granted should be strictly construed. The plaintiffs do not contend, however, that the variance granted here requires any construction. They simply seem to prefer another design for the defendants' residence. Under these circumstances, the decision of the ZBA should "not be disturbed as long as honest judgment has been reasonably and fairly made after a full hearing." Stankiewicz v. Zoning Board ofAppeals, 15 Conn. App. 729, 731-32, 546 A.2d 919 (1988), aff'd,211 Conn. 76, 556 A.2d 1024 (1989).
The plaintiffs finally claim three "garden-variety procedural defects" involving the Coastal Management Act, Conn. Gen. Stat. §§ 22a-90, et seq. ("CMA"). The plaintiffs specifically claim that the ZBA failed to publish any notice that a coastal site plan application was before it, hold a hearing discussing any coastal site plan issues, or make any of the factual findings required by the CMA in a timely fashion.
Conn. Gen. Stat. § 22a-105 (b)(4) provides that applications for a variance submitted to a Zoning Board of Appeals are coastal site plans when the project in question is located fully or partially within the coastal boundary. It is undisputed that the application for a variance in question here is a coastal site plan. The defendants' November 1995 application for a variance was duly accompanied by a separate application for review of a coastal site plan.
The plaintiffs' first CMA claim involves notice. While the ZBA issued an appropriate public notice for the defendants' variance application, there was no separate public notice of the defendants' coastal site plan application. The abutting landowners received actual notice of the latter application, but they claim that is no substitute for public notice. The CMA itself, however, does not require public notice. Conn. Gen. Stat. § 22a-109 (d) requires notice to the Commissioner of Environmental Protection, but the plaintiffs do not contend that notice to the Commissioner was inadequate. The plaintiffs instead focus on Branford Zoning Reg. § 45.5 which states that "notification requirements for coastal site plans shall be the same as that set forth in the General Statutes for the type of permit or approval being requested." It is not clear, however, that this regulation, which is no model of drafting, requiresseparate notification of coastal site plan requirements. The ZBA does not interpret the regulation in this way. "An agency's CT Page 1549 interpretation of the regulations that are within its jurisdiction is entitled to judicial deference." Diamond v.Marcmek, 226 Conn. 737, 748, 629 A.2d 350 (1993).
The plaintiffs next contend that the ZBA failed to hold a hearing discussing the coastal site plan application. The record shows that the ZBA approved the defendants' coastal site plan application at the same December 12, 1995, meeting at which it considered the defendants' variance application. This portion of the hearing was brief since no one spoke against the coastal site plan application, but in light of the record it cannot be said that no hearing was held.
The plaintiffs' final argument is that the ZBA failed to make any of the factual findings required by the CMA. Conn. Gen. Stat. § 22a-106 (d) (e) requires the ZBA to make certain written findings when approving a coastal site plan. In DeBeradinis v.Zoning Commission, 228 Conn. 187, 198-99 n. 7, 635 A.2d 1220
(1994), however, our Supreme Court interpreted § 22a-106
rather broadly. If an agency fails to make written findings,DeBeradinis holds, "it is the duty of a reviewing court to search the record before it for evidence supporting the decision."228 Conn. at 199 n. 7. The record here clearly shows that the ZBA found that the coastal site plan in question would not have an inappropriate adverse impact. The plaintiffs make no argument that this conclusion was supported by evidence in the record.
For the reasons stated above, the appeal is dismissed.
Jon C. Blue Judge of the Superior Court