[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs bring this appeal from a decision of the defendant, Planning and Zoning Commission of the Town of Newtown, denying their application for a special permit.
The application sought permission to use a "storage Quonset hut to cover and store away from view, service vehicles." (ROR 55.)
The subject property is located in a business zone (B-2), and is the site of Hilario's Service Center.
Pursuant to § 4.15.100 of the Newtown Zoning Regulations, a public garage or filling station is a permitted use in a B-2 zone, subject to obtaining a special permit from the Planning and Zoning Commission in accordance with § 8.04 of the zoning regulations.
The plaintiffs service station is permitted to operate, consistent with special exceptions approved by the defendant Commission in 1982 and 1988.
The property is also subject to a variance granted by the Newtown Zoning Board of Appeals, which allows vehicle repairs to be performed on the premises. (ROR 56, pp. 34-35.)
The granting of the variance by the Newtown Zoning Board of Appeals was subject to the following condition: "1. That all outdoor storage of materials, including, but not limited to, the trailer currently on the premises, all automobile cars, demolish debris, wood, tires, concrete, gasoline tanks, wire and . . . materials of whatever description, be eliminated from the premises prior to the issuance of a zoning permit."
The variance allowed the display of cars on the premises, if displayed for sale, but prohibited the storing of automobiles, other than used cars held for sale, outside.
A public hearing concerning the special exception request was properly CT Page 6635 noticed (ROR 5), and was held on September 21, 2000.
During the hearing process, commission members questioned the presence of trailers and sheds on the property, in addition to the location of the Quonset hut.
It was claimed that these containers were not present when the previous special exceptions and the variance were granted.
The commissioners expressed the apprehension that approval of the Quonset hut, and its use for storage, would implicitly validate and endorse the plaintiffs use of the property for the storage of vehicles, sheds, storage of waste materials, and other activities. (ROR 56, pp. 11-24.)
It was noted that the zoning regulations do not permit the approval of a special exception if violations of zoning regulations exist on the property.[1]
At the request of the applicants and in light of questions raised which did not pertain to the Quonset hut, the hearing was continued until November 16, 2000.
The location of the Quonset hut was discussed during both public hearings.
The applicants claimed that the structure had existed on the property in its present location since 1993.
They argued that the Quonset hut was a nonconforming building pursuant to § 8-13a (a)[2] of the General Statutes, a position which the Commission endorsed. (ROR 39; ROR 56, p. 23.)
The use of the property by the plaintiffs subsequent to the granting of the two special exceptions was explored at the November 16, 2000 public hearing.
The action by the Newtown Zoning Board of Appeals in granting the variance was also examined.
At its January 25, 2001 meeting, the Commission discussed the special exception application, including zoning violations which continued to exist on the property.
While unanimously agreeing that the Quonset hut location did not constitute a zoning violation (ROR 12, p. 4), the Commission voted, 5-0, CT Page 6636 to disapprove the request for a special exception.
The reason for the action, as communicated to the applicants, was the presence of numerous zoning violations on the property. (ROR 32.)
The Commission's decision was published on February 2, 2001, and this appeal followed.
 AGGRIEVEMENT
In a written stipulation received May 9, 2002, the parties stipulated that the plaintiff, Arthur Hilario, was the owner of the property at the time of the special exception application, and that he continues to be the record owner of the parcel.
Aggrievement is a jurisdictional matter, and a prerequisite for maintaining an appeal. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 307 (1991).
The question of aggrievement is one of fact, to be determined by the trial court. Primerica v. Planning Zoning Commission, 211 Conn. 85, 93
(1989); Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508
(1968).
Unless facts are stipulated sufficient for a court to make a finding of aggrievement, the plaintiff must produce witnesses to prove standing to bring and to maintain an appeal. R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (1999) § 32.10, p. 143.
A party claiming aggrievement must satisfy a well established two-fold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as concern of all members of the community as a whole; and (2) the party must show that the specific personal and legal interest has been specifically and injuriously affected by the decision appealed from. Cannavo Enterprises v. Burns, 194 Conn. 43, 47 (1984); Hall v.Planning Commission, 181 Conn. 442, 444 (1980).
Ownership of the property which is the subject of the application demonstrates a specific personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 530 (1987); Bossert Corporation v. Norwalk, 157 Conn. 279,285 (1968).
Denial of the requested special exception by the defendant, Planning and Zoning Commission of the Town of Newtown, has specifically and injuriously CT Page 6637 affected that interest.
The plaintiff, Arthur Hilario, is, therefore, aggrieved.
Although no finding of aggrievement can be made as to the plaintiff, Silbina Hilario, because one of the plaintiffs is aggrieved, the court has subject matter jurisdiction. Protect Hamden/North Haven fromExcessive Traffic Pollution, Inc. v. Planning Zoning Commission,220 Conn. 527, 529 n. 3 (1991).
 STANDARD OF REVIEW
When acting upon an application for a special permit, a planning and zoning commission acts in an administrative capacity rather than in a legislative or quasi-judicial capacity. A.P. W. Holding Corporation v.Planning Zoning Board, 167 Conn. 182, 184-85 (1974); Farina v. ZoningBoard of Appeals, 157 Conn. 420, 422 (1969).
The terms "special permit" and "special exception" have the same meaning and can be used interchangeably. Summ v. Zoning Commission,150 Conn. 79, 87 (1962).
A special exception allows a property owner to use his property in a manner expressly permitted by the zoning regulations.
The commission's authority to issue a special permit or special exception is derived from § 8-2[3] of the General Statutes.
The commission is endowed with liberal discretion, and its action is subject to review by a court only to determine if it has acted arbitrarily, illegally or unreasonably. Schwartz v. Planning ZoningCommission, 208 Conn. 146, 152 (1988).
Where a commission has stated reasons for its decision, a reviewing court is charged only with determining whether any of the assigned reasons are reasonably supported by the record. Zieky v. Bloomfield TownPlan Zoning Commission, 151 Conn. 265, 267-68 (1963); Cybulski v.Planning Zoning Commission, 43 Conn. App. 105, 111 (1996).
However, the failure of a commission to state reasons for its decision is not fatal.
Where a land use agency has failed to cite reasons in support of its decision, a court should search the record to determine whether it contains a basis for the decision. Grillo v. Zoning Board of Appeals,206 Conn. 362, 369 (1988); Parks v. Planning Zoning Commission, CT Page 6638178 Conn. 657, 662 (1979).
In reviewing the action of a municipal land use agency, the court is governed by the substantial evidence rule.
The substantial evidence rule is similar to the sufficiency of the evidence standard applied in the judicial review of jury verdicts. The evidence sufficient to support a decision must be enough, were the trial to go to a jury, to support the refusal to direct a verdict where the conclusion to be drawn in one of fact. Huck v. Inland Wetlands Watercourses Agency, supra, 540-41.
A court must not substitute its judgment for that of the municipal zoning authority, so long as the agency decision reflects an honest judgment, reasonably exercised. Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 49 (1984).
 RECORD SUPPORTS THE ACTION DENYING THE SPECIAL EXCEPTION APPLICATION
In the letter of disapproval, dated January 30, 2001 (ROR 32), the Commission notes that "it was unanimously agreed that the map showed numerous violations that should be addressed before approval can be given."
Although the language of the letter of disapproval mirrors the language contained in the January 25, 2001 minutes (ROR 12, p. 4), the resolution adopted by the Commission did not contain any reasons within the text of the resolution.
However, whether the court accepts the reason in the January 30, 2001 letter as the reason of the Commission or whether a search of the record is required to determine whether the decision of the Commission should be sustained, is immaterial.
An examination of the record reveals that the Commission possessed ample evidence from which to conclude that zoning violations existed on the plaintiff' s property, thus precluding approval of the special exception pursuant to § 8.04.700 of the zoning regulations.
The minutes of the January 25, 2001 meeting contain specific reference to the Quonset hut and the belief of the Commission, shared by its legal counsel, that the location of the hut is not in violation of the zoning regulations based upon the application of General Statutes § 8-13a
(a). CT Page 6639
Not only can the location of the structure not form the basis for a future cease and desist order, it did not provide the basis of the Commission's decision to deny the special exception application.
However, use of the hut by the plaintiffs in conjunction with the operation of their service center is not included within the protections available under the statute, because the nonconformity refers only to the location of the edifice.
It is clear, based upon a review of the record and the transcript of the public hearings, that outdoor storage was specifically prohibited by the variance granted in 1986. (ROR 56, pp. 35-56.)
Furthermore, the presence of trailers, storage containers and sheds occurred subsequent to either of the previous special exception approvals.
The Commission was properly concerned with the impact of approving the plaintiffs' application in that the application, coupled with the accompanying maps, could be interpreted as ratifying structures on the property which were not present during prior proceedings before the Newtown Zoning Board of Appeals of the Newtown Planning and Zoning Commission.
Because the Commission's decision and the rationale expressed in the letter of disapproval (ROR 32) find support in the record, the plaintiff's appeal is dismissed.
_____________________ Radcliffe, J.