[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Guiseppe Pisani and Mary Jean Pisani, appeal from the decision of the defendant, the Old Lyme zoning board of appeals. sustaining the cease and desist order issued by the Old Lyme zoning enforcement officer (ZEO) on March 27, 2001. The plaintiffs bring this appeal pursuant to General Statutes § 8-8.
The plaintiffs are the owners of the subject property, a single family home, located at 16 Swan Street, Old Lyme, Connecticut. (Return of Record [ROR], Plaintiffs' Exh. 1.) Both the property and the dwelling are nonconforming. (ROR, Exhs. 11(e), 11(h).) On May 24, 2000, the plaintiffs submitted an application for a building permit and a zoning compliance permit to repair or replace the existing root siding, windows and exterior doors. (ROR, Exhs. 7(e), 11(j).) On May 25, 2000, the zoning compliance permit was granted with specific instructions to leave the shape and structure unchanged. (Exh. 11(j).) On July 5, 2000, the building permit was granted. (ROR, Exh. 7(e).) The repairs did not progress as planned, however, and a portion of the roof collapsed on March 24, 2001. Thereafter, the plaintiffs raised the height of the roof and added six dormers to the building without obtaining approval from the zoning authorities. (ROR, Exh. 6, pp. 12-20.) On March 27, 2001, the ZEO issued a cease and desist order stating that the plaintiffs had violated their zoning compliance permit by adding the dormers and increasing the height CT Page 7113 of the roof (ROR, Exh. 11(e).)
On April 17, 2001, the plaintiffs filed an appeal with the defendant challenging the propriety of the order. (Exh. 1.) The defendant held a public hearing on June 16, 2001. (ROR, Exh. 6.) On June 26, 2001, the defendant voted unanimously to uphold the order. (ROR, Exh. 21.) The defendant concluded that the added improvements violated the plaintiffs' zoning compliance permit. (ROR, Exh. 21, pp. 9-10.)
On June 29, 2001, the plaintiffs received notice of the defendant's decision. (ROR, Exh. 24.) The defendant published notice of its decision in the Main Street News on June 5, 2001 and July 12, 2001. (ROR, Exhibit 22.) The plaintiffs, thereafter, filed this appeal alleging that the defendant acted arbitrarily, illegally and in abuse of its discretion in upholding the cease and desist order. The plaintiffs set forth the following errors: (1) the defendant denied the plaintiffs a fair hearing; (2) the defendant failed to properly address and interpret its zoning regulations, as well as the applicable state statutes and other relevant legal authorities; and (3) the decision of the ZEO and the defendant conflicted with these state statutes, thereby forcing the plaintiffs to violate the law.
It is well settled that "[p]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Brackets in original; citation omitted; internal quotation marks omitted.) Harris v. Zoning Commission, 259 Conn. 402,409, ___ A.2d ___ (2002). Ownership of the subject property establishes the necessary aggrievement to bring an administrative appeal. QuarryKnoll II Corp. v. Planning Zoning Commission, 256 Conn. 674, 703,780 A.2d 1 (2001). The plaintiffs presented a warranty deed at trial indicating that they are the property owners of the subject premises. (ROR, Plaintiffs' Exh. 1.) The court, therefore, finds that the plaintiffs are aggrieved parties.
"The Superior Court's scope of review is limited to determining only whether the board's actions were unreasonable, arbitrary or illegal. . . . Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the [board] was required to apply under the zoning regulations. . . . It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Brackets in original; citations omitted; internal quotation marks CT Page 7114 omitted.) RR Pool Patio, Inc. v. Zoning Board of Appeals, 257 Conn. 456,470, 778 A.2d 62 (2001). "The action of the [board] should be sustained if even one of the stated reasons is sufficient to support it." (Internal quotation marks omitted.) Property Group, Inc. v. Planning ZoningCommission, 226 Conn. 684, 697, 628 A.2d 1277 (1993).
The plaintiffs now appeal from the defendant's decision upholding the "ZEO order to Discontinue/Cease and Desist enlargement of building." (ROR Exh. 22.) In support of their appeal, the plaintiffs set forth the following arguments: (1) the defendant did not afford the plaintiffs a fair hearing; (2) the plaintiffs were required to increase the height of the roof and add the dormers pursuant to the Connecticut Basic Building Code, General Statutes § 29-252 et seq., and the Connecticut State Fire Safety Code, General Statutes § 29-293 et seq., and, accordingly, any municipal regulation to the contrary is preempted by the codes; and finally, (3) that the defendant incorrectly construed its regulations in upholding the ZEO order.
The plaintiffs first assert that the proceedings before the defendant were fundamentally unfair. This contention is based upon a number of claimed procedural irregularities. The plaintiffs contend that the defendant refused to continue the public hearing and denied the plaintiffs the opportunity to cross-examine the ZEO and refute new charges raised during the hearing. The plaintiffs argue that the defendant's conduct amounts to a denial of due process.
Our Supreme Court has "recognized a common-law right to fundamental fairness in administrative hearings. The only requirement [in administrative proceedings] is that the conduct of the hearing shall not violate the fundamentals of natural justice. . . . Fundamentals of natural justice require that there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary. . . ." (Brackets in original; citations omitted; internal quotation marks omitted.) Grimes v. Conservation Commission, 243 Conn. 266, 273-74,703 A.2d 101 (1997).
The plaintiffs argue that they were improperly denied a request to continue the public hearing. Specifically, the plaintiffs wished to introduce the testimony of an engineer to buttress their argument that the improvements were necessary to comply with the state fire and building codes. Board member Joseph St. Germane moved to continue the public hearing, but ultimately withdrew the motion. (ROR, Exh. 20, pp. 7-8.) A board of appeals may opt to continue a public hearing depending upon whether the members believe that additional evidence is necessary for the proper disposition of the matter. R. Fuller, 9 Connecticut Practice CT Page 7115 Series: Land Use Law and Practice (2d Ed. 1999) § 20.9, p. 428. Generally, "[r]equests for continuances invoke the discretionary authority of the adjudicating tribunal." Concerned Citizens of Sterling,Inc. v. Connecticut Siting Council, 215 Conn. 474, 485, 576 A.2d 510
(1990). "[O]n review every reasonable presumption in favor of the [tribunal's] ruling will be made. . . . The [tribunal's] decision will be reversed only if it represents a gross abuse of discretion." (Brackets in original; internal quotation marks omitted.) Id.
In the present case, the defendant members discussed at length the possible relevance of the engineer's testimony and the benefit of a continuance. (ROR, Exh. 6, pp. 30, 39, 48, 61-65, 69-85.) The motion to continue was ultimately withdrawn because the members decided the testimony was not necessary to resolve the appeal. (ROR, Exh. 6, pp. 87, 94-95.) The court finds that the defendant properly exercised its discretionary authority in withdrawing the motion to continue the hearing, and that said decision did not deprive the plaintiffs of due process.
The plaintiffs next argue that the hearing was fundamentally unfair because the defendant levied new charges against them and, thereafter, denied them the opportunity for rebuttal. The plaintiffs vaguely refer to statements made by some of the defendant members during the deliberation meeting on June 26, 2001. The statements made therein directly related to the scope of the plaintiffs' permits. The minutes reflect that chairperson Speirs stated that the plaintiffs agreed to follow the proper procedures and failed to do so. Board member Sibley also stated that the plaintiffs were familiar with the zoning regulations, which led him to believe that the violation was deliberate. (ROR, Exh. 21, p. 10.) The plaintiffs addressed these concerns. The plaintiffs explained how they conferred with their contractor after the roof collapsed and how they thought the permit allowed them to make the necessary improvements. (ROR Exh. 6, pp. 11-15, 26-28, 36-38, 85-86.) "Accordingly, the court finds no basis to support the plaintiffs' allegation of new charges.
The plaintiffs finally contend that they were refused the opportunity to cross-examine the ZEO and that such a refusal constitutes a denial of due process. The plaintiffs correctly assert that they have the right to cross-examine witnesses during administrative proceedings; however, this right exists with limitations. Pizzola v. Planning and ZoningCommission, 167 Conn. 202, 207, 355 A.2d 21 (1974). Cross-examination may be excluded at the discretion of the agency chairperson if the line of inquiry is not thought to be germane to the evidence offered. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 20.12, p. 434. The plaintiffs were afforded ample opportunity to cross-examine the ZEO and the record reflects that they did so. (ROR, CT Page 7116 Exh. 6, pp. 90-94.) The ZEO was present throughout the public hearing and answered questions posed by the defendant members and the plaintiffs' attorney. (ROR, Exh. 6, pp. 3-5, 41-42, 50-52, 54.) The court finds that the plaintiffs were not deprived of their right to cross-examination.
The court concludes that the hearing was conducted in a fair manner and in accordance with the dictates of due process.
The plaintiffs next argue that the improvements to their home were mandated by the Connecticut building and fire codes, and to the extent that there is a conflict between the zoning regulations and the codes, the latter supersedes the former. The plaintiffs further argue that the cease and desist order forced them to violate the codes. The defendant concluded, however, that the codes were not at issue and upheld the order.
The plaintiffs correctly note that the building code applies to all state municipalities including the town of Old Lyme. General Statutes § 29-253 (a).[1] The building code also preempts municipal ordinances dealing with the same subject matter. Town Close Associatesv. New Canaan Planning and Zoning Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 95 0527279 (April 24, 1995, Mottelese, J.), affirmed on other grounds,42 Conn. App. 94, 679 A.2d 378, cert. denied 239 Conn. 914, 682 A.2d 1014
(1996); see also Bencivenga v. Milford, 183 Conn. 168, 172, 438 A.2d 1174
(1981). "Here, the subject matter is planning and zoning which, though having an overlapping purpose is clearly distinct in its subject matter. Compare General Statutes §§ 8-1 through 8-38 to §§ 29-251 through29-282." Town Close Associates v. New Canaan Planning and ZoningCommission, supra, Superior Court, Docket No. CV 95 0527279.
In the present case, the zoning compliance permit explicitly instructed the plaintiffs to refrain from changing the shape or structure of the building. (ROR, Exh. 11(j).) The ZEO visited the plaintiffs on the day of construction and reminded them that they could not make changes to the dwelling. (ROR, Exh. 6, pp. 40-42.) At some point during the construction, the roof collapsed and the plaintiffs decided to rebuild the roof and add the dormers upon the advice of their builders but without first seeking approval from the town. (ROR Exh. 6, p. 38.) The ZEO determined that the plaintiffs had violated their permit and issued a cease and desist order. (ROR, Exh. 11(e).)
The ZEO may issue a cease and desist order pursuant to General Statutes § 8-12.[2] The zoning regulations state that "these [r]egulations shall be enforced by the [z]oning [e]nforcement [o]fficer, who shall be appointed by and shall be the agent of the [z]oning [c]ommission." Old CT Page 7117 Lyme Zoning Regs., § 51.1. The ZEO's responsibilities include the issuance of "stop work orders" if the "construction, reconstruction, extension, moving or alteration of a building, other structure . . . are not being carried out in compliance with these [r]egulations." Old Lyme Zoning Regs., § 51.7.
The ZEO determined that the plaintiffs had violated, inter alia, section 51.2 of the zoning regulations. That provision states that an application for a zoning permit must be "submitted to the [z]oning [e]nforcement [o]fficer prior to construction, reconstruction, extension, moving or alteration of any building or other structure. . . ." Old Lyme Zoning Regs., § 51.2. The plaintiffs did not obtain a permit to allow them to install dormers or to increase the height of the roof Accordingly, the ZEO issued a cease and desist order pursuant to section 51.7 of the regulations.
The defendant affirmed the order because the plaintiffs made changes to the nonconforming structure without obtaining the necessary approval. (ROR, Exh. 21, pp. 8-9.) The plaintiffs acted unilaterally in creating a condition that may have brought the building code and zoning regulations into conflict. In upholding the order, the defendant members noted that the plaintiffs could have either repaired the damaged root rather than rebuilding it, or ceased construction, placed a tarp on the structure and applied for a new permit. (ROR, Exh. 6, pp. 36-37, 65-68.) In other words, the plaintiffs were required to obtain a permit to add the improvements. At that time, the building and fire codes might have become an issue. (ROR, Exh. 6, pp. 66-68.)
The plaintiffs cite various statutory and regulatory provisions in support of their argument that there is a conflict between the codes and the zoning regulations. For example, the plaintiffs refer to General Statutes § 29-265 and § 29-293 to buttress their position. Section 29-265 states, in relevant part, that "no building or structure erected or altered in any municipality after October 1, 1970, shall be occupied or used, in whole or in part, until a certificate of occupancy has been issued by the building official. . . ." General Statutes §29-265. Section 29-293 (a) provides that the "Fire Safety Code shall specify reasonably minimum requirements for fire safety in new and existing buildings and facilities." General Statutes § 29-293 (a). The plaintiffs also rely on General Statutes § 8-2, which states that the municipal zoning regulations "shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations." These provisions, the plaintiffs argue, required the roof to be reconstructed notwithstanding the issued zoning compliance permit and the subsequent cease and desist order. This argument fails to recognize, however, that the plaintiffs unilaterally CT Page 7118 changed the structure, in violation of their permit, without first approaching the proper zoning authorities.
Moreover, General Statutes § 8-3 (f) demonstrates that both the building code and the zoning regulations must be complied with prior to construction. Section 8-3 (f) provides: "No building permit or certificate of occupancy shall be issued for a building, use or structure subject to the zoning regulations of a municipality without certification in writing by the official charged with the enforcement of such regulations that such building, use or structure is in conformity with such regulations or is a valid nonconforming use under such regulations." General Statutes § 8-3 (f). The plaintiffs have not established that the building code bars a local zoning authority from issuing a cease and desist order to prevent a landowner from improving a dwelling not authorized by permit.
The court concludes that the defendant properly upheld the issuance of the cease and desist order because the plaintiffs did not obtain permission to increase the height of the roof and to add the dormers. The defendant's decision, therefore, does not create a conflict between the local zoning regulations and the state building and fire codes. Substantial evidence supports the defendant's affirmation of the order.
On March 21, 2002, at oral argument, the plaintiffs introduced a new case purportedly germane to the present appeal. The plaintiffs citedDoyen v. Board of Appeals, 67 Conn. App. 597, ___ A.2d ___, cert. denied260 Conn. 901, 789 A.2d 478 (2002), for the proposition that a landowner may vertically expand a portion of a nonconforming structure without violating the zoning regulations. The defendant was given seven days in which to file a supplemental brief on this issue. On March 28, 2002, the defendant filed its supplemental brief. On April 2, 2002, the plaintiffs thereafter submitted a motion for permission to file a reply brief accompanied by the brief itself.
The defendant argues that the plaintiffs cannot introduce a new claim that was not raised during the administrative proceedings. It is well established that the court's review of the agency's decision is limited to the record. Cybulski v. Planning Zoning Commission, 43 Conn. App. 105,111, 682 A.2d 1073, cert. denied, 239 Conn. 949 (1996). The court should tread cautiously when first presented with a claim at oral argument; however, the court may allow such claims if they fall within the scope of the pleadings and the opposing party has sufficient time to respond. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (2d Ed. 1999) § 34.1, p. 194. The question left for the court is whether it can resolve the issue based upon the present record.
The defendant focused on two issues: (1) the plaintiffs' unilateral CT Page 7119 decision to construct the improvements; and (2) the validity of the cease and desist order. (ROR, Exh. 6, pp. 60-61, 85.) Counsel for the plaintiffs framed the issue as whether the plaintiffs could rebuild the roof and remain in compliance with the state building and fire codes. (ROR, Exh. 6, p. 30.) Accordingly, the defendant spent the majority of its time during the public hearing and the deliberation session discussing the steps necessary for making such improvements and where, if at all, the codes fell within the process.
The court declines to address this claim since the record is barren with respect to this issue. Even if the court were to consider the plaintiffs' position in light of Doyen v. Board of Appeals, supra,67 Conn. App. 597, the court fails to see how the case supports the plaintiffs. In that case, the applicants received permission from the ZEO to "construct an addition that contemplated a vertical expansion that would not exceed the "existing structural footprint' of their house." Id., 599. The plaintiffs, as abutting landowners, appealed the ZEO's decision to the zoning board of appeals. The board affirmed the ZEO's interpretation of the regulations which allowed the vertical expansion of nonconforming structures that did not extend beyond the existing footprint. Id., 601-02. On appeal, the trial court construed the regulations so that such an expansion constituted an enlargement of the nonconforming structure itself Id., 602, 606. The appellate court, deferring to the agency's interpretation, reversed the trial court. Id, 612.
The applicants in Doyen v. Defendant of Appeals, supra,67 Conn. App. 597, obtained approval to make the contested improvements. In the present case, the plaintiffs did not have, nor did they ever receive, permission to add the six dormers and raise the height of the roof. Since the defendant based its decision primarily upon the fact that the plaintiffs did not obtain permission to make these improvements,Doyen militates against the plaintiffs' asserted position.
The record supports the defendant's conclusion that the plaintiffs violated their zoning compliance permit. The court must deny the appeal if the record supports any one of the defendants's reasons. PropertyGroup, Inc. v. Planning Zoning Commission, supra, 226 Conn. 697.
Based upon the foregoing reasons, the appeal is dismissed.
Schimelman, J.