JAMES H. RACZKOWSKI *v.* ZONING COMMISSION OF THE TOWN OF NAUGATUCK ET AL.
(AC 17729)
(AC 17737)

Spear, Hennessy and Stoughton, Js.

Argued February 18—officially released June 8, 1999

*Robert A. Fuller*, for the appellant (named defendant).

*Franklin G. Pilicy*, for the appellant (defendant Nichols Realty, LLC).

*J. Brendan Sharkey*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. The defendants, Naugatuck Zoning Commission (commission) and Nichols Realty, LLC (Nichols), appeal from the judgment of the trial court sustaining the plaintiff James H. Raczkowski's appeal from the commission's decision granting Nichols' application for a special permit to excavate sand and gravel in connection with approval of a residential subdivision application. We reverse the judgment of the trial court.

The record reveals the following relevant facts. Nichols obtained approval for a thirty-nine lot subdivision on a 50.16 acre tract in an R-15 residential zone[1] in Naugatuck. The subdivision lots are oversized and average about one acre each. To develop the site as proposed, Nichols had to obtain a special permit for the excavation of approximately 300,000 cubic yards of sand and gravel from the northeast portion of the tract. The commission held two public hearings and conducted a site inspection.

The commission approved Nichols' request for a special permit, subject to certain conditions. The plaintiff

---

[1] An R-15 zone permits 15,000 square foot building lots.

thereafter appealed to the trial court from the commission's decision,[2] claiming that the commission had acted arbitrarily, capriciously and in abuse of its discretion because, inter alia, it failed to consider all of the zoning regulation requirements for issuing such permits. The trial court found that the plaintiff was aggrieved and sustained the appeal, concluding that the record lacked substantial evidence to support the commission's determination that the defendants had satisfied §§ 31.4.5[3] and 31.4.7[4] of the Naugatuck zoning regulations.

The defendants filed separate petitions for certification for review. Following the granting of these petitions on October 8, 1997, the defendants filed separate appeals.

On appeal, the defendants claim that the trial court improperly (1) concluded that the special permit was not supported by substantial evidence in the record, (2) substituted its interpretation of § 31.4.7 of the Naugatuck zoning regulations for that of the commission and (3) substituted its judgment for that of the commission regarding whether the special permit complied with the zoning regulations. We agree.

[2] General Statutes § 8-8 (b) provides in relevant part that "any person aggrieved by any decision of a board may take an appeal to the superior court . . . ."

General Statutes § 8-8 (a) (1) provides in relevant part: " 'Aggrieved person' means a person aggrieved by a decision of a board . . . . In the case of a decision by a zoning commission . . . 'aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." The border of the plaintiff's land is within 100 feet of the tract for which Nichols had been granted a permit to excavate sand and gravel.

[3] Naugatuck Zoning Regs., § 31.4.5, requires that "the proposed excavation . . . not depress land values or adversely affect surrounding property in the neighborhood . . . ."

[4] Naugatuck Zoning Regs., § 31.4.7, provides that "there be no excavation to depth of less than six feet above any ledge, rock or the water table . . . ."

I

"Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably. . . . In appeals from administrative zoning decisions, the commission's conclusions will be invalidated only if they are not supported by substantial evidence in the record. . . . The substantial evidence rule is similar to the 'sufficiency of the evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Citations omitted.) *Cybulski* v. *Planning & Zoning Commission*, 43 Conn. App. 105, 110–11, 682 A.2d 1073, cert. denied, 239 Conn. 949, 686 A.2d 123 (1996).

Before addressing the defendants' claims, we must first review certain legal principles and several of the town's zoning regulations relevant to our decision. "A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values. . . . Acting in this administrative capacity, the [zoning commission's] function is to determine whether the applicant's proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and the statute are satisfied." (Internal quotation marks omitted.) *Connecticut Resources Recovery Authority* v. *Planning & Zoning Commission*, 46 Conn. App. 566, 569, 700 A.2d 67, cert. denied, 243 Conn. 935, 702 A.2d 640 (1997).

Moreover, "[i]t is well settled that in granting a special permit, an applicant must satisf[y] all conditions imposed by the regulations. . . . The zoning commission has no discretion to deny the special exception if the regulations and statutes are satisfied." Id.

"Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . We, in turn, review the action of the trial court. . . . The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. . . . *Whittaker* v. *Zoning Board of Appeals*, 179 Conn. 650, 654, 427 A.2d 1346 (1980)." (Internal quotation marks omitted.) *Bloom* v. *Zoning Board of Appeals*, 233 Conn. 198, 206, 658 A.2d 559 (1995). Furthermore, in reviewing the conclusions of a zoning authority, "[c]ourts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions." (Internal quotation marks omitted.) *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 596, 628 A.2d 1286 (1993).

Section 31.1 of the Naugatuck zoning regulations forbids the alteration of the contours of land by excavation, removal or relocation of earth, gravel, or stone, except by special exception.[5] Under § 31.4,[6] the zoning commission may grant a special permit after a properly noticed

---

[5] Naugatuck Zoning Regs., § 31.1, provides in relevant part: "No contours of any land shall be altered by excavation, removal or relocation of earth, loam, topsoil, and, gravel, clay, stone or minerals . . . contours shall be permitted only as a special exception . . . ."

[6] Naugatuck Zoning Regs., § 31.4, provides in relevant part: "Within 65 days after receipt of a complete application, the . . . Zoning Commission shall hold a public hearing . . . . Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation

public hearing if an applicant satisfies thirteen specific conditions and requirements of the regulations.[7] Section 31.5 provides, in part, that each special permit shall be valid for a period of two years or less, and that after a public hearing on due notice the commission may grant extensions.

With these legal principles and zoning regulations in mind, we now address the merits of the defendants' claims concerning the special permit and whether the commission's decision was supported by substantial evidence in the record.

### A

The defendants contend that the record contains substantial evidence from which the commission could have determined that a special permit allowing the excavation of sand and gravel would not violate § 31.4.5 by adversely affecting property values in the area.[8] We agree.

"Substantial . . . evidence is that which carries conviction. It is such evidence as a reasonable mind might accept as adequate to support a conclusion. It means something more than a mere scintilla and must do more than create a suspicion of the existence of the fact to be established." (Internal quotation marks omitted.)

in the Borough at least twice . . . . The . . . Zoning Commission shall decide upon such application within 65 days after the hearing. . . . The . . . Zoning Commission may grant a SPECIAL PERMIT, subject to appropriate conditions and safeguards, to permit . . . alteration or contours over a limited period of time, if it shall find that the following conditions are met . . . ."

[7] Of the thirteen specific conditions and requirements set forth in the Naugatuck zoning regulations, §§ 31.4.1 through 31.4.13, only §§ 31.4.5 and 31.4.7 are at issue in this appeal. The text of these sections is set out in footnotes 3 and 4.

[8] See footnote 3. Our review of the record reveals that at the commission's regular meeting on March 20, 1996, the chairman opined that Nichols had met all the requirements of the special permit and another commission member remarked that administratively Nichols had "done everything right."

*Board of Education* v. *Commission on Human Rights & Opportunities*, 176 Conn. 533, 538, 409 A.2d 1013 (1979). Such evidence exists if " 'the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred.' " *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 246 Conn. 18, 36, 716 A.2d 78 (1998).

Our review of the record reveals substantial evidence to support a finding of conformity with § 31.4.5. Robert J. Nocera, a licensed and certified real estate appraiser and civil engineer, provided testimony and a lengthy report to the commission on behalf of Nichols indicating that (1) under Nichols' development plan it would take three years to remove the sand and gravel,[9] (2) there would be no negative impact on property values during that time, (3) the additional development of good quality homes would have a positive effect on property values and (4) upon completion of the subdivision, there would be a long-term, positive benefit to the neighborhood, resulting in increased overall property values.

In its memorandum of decision, the trial court opined that "[a]fter the expiration of the two year special permit term, together with the possible one year extension, the excavation process at best [would] only be approximately 60 percent finished." The court also stated that "[t]he potential adverse impact on neighboring residential properties, in terms of aesthetics, environment and length of the excavation process, is obvious. There is nothing in the record indicating that the commission or appraiser ever considered these extremely material matters."

"Conclusions reached by [a zoning] commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses

---

[9] While there were discussions early in the proceedings that the entire excavation process might take five years, subsequent estimates were based on a three year excavation period.

and the determination of issues of fact are matters solely within the province of the [commission]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [commission] supports the decision reached. . . . *Calandro* v. *Zoning Commission*, 176 Conn. 439, 440, 408 A.2d 229 (1979)." (Internal quotation marks omitted.) *West Hartford Interfaith Coalition, Inc.* v. *Town Council*, 228 Conn. 498, 513, 636 A.2d 1342 (1994). "The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised. . . . The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site . . . or through their personal knowledge of the area involved." (Citations omitted; internal quotation marks omitted.) *Cybulski* v. *Planning & Zoning Commission*, supra, 43 Conn. App. 111.

Because our review of the record reveals a substantial basis of fact from which the zoning commission reasonably could have concluded that the regulation requirements for issuing a special permit were satisfied, we conclude that the trial court improperly substituted its judgment for that of the commission.

### B

The defendants next claim that the trial court improperly concluded that there was no evidence in the record to support the commission's finding that Nichols' application for a special permit satisfied § 31.4.7 and that the commission could have found that Nichols' application for a special permit complied with § 31.4.7. We agree.

Section 31.4.7 provides that "there be no excavation to depth of less than six feet above any ledge, rock

or the water table." Our review of the record reveals evidence that approximately 150 test borings were made on the property, to depths of between eight and twelve feet, in connection with the proposed septic systems. No ledge was encountered in any of these borings, nor was any seen during a site visit by members of the commission. Indeed, although there was testimony that ledge existed somewhere on another parcel across the street from the subject property, there was no evidence presented that any ledge existed on the subject property.

The trial court, in its memorandum of decision, concluded that evidence concerning test borings made on the subject property either for the purpose of evaluating the suitability of the soils for septic systems or for determining whether ledge existed did not constitute substantial evidence to support the zoning commission's determination because of conflicting testimony from a defense witness concerning the number and depth of the test borings. The trial court then concluded that it was clear that the "existence or nonexistence of ledge on the subject property cannot be determined by these pits. In light of the depth and purpose of these pits, their results cannot be considered substantial evidence."

Finally, the trial court cited the fact that the minutes of the site visit conducted by the commission members did not disclose that the ledge issue was discussed as further support for the court's conclusion that "the evidence before the commission did not afford a substantial basis of fact from which the lack of ledge could reasonably be inferred."

As we stated in part I A of this opinion, the trial court's function is to determine whether there was evidence in the record to support the commission's decision; *West Hartford Interfaith Coalition, Inc.* v. *Town Council*, supra, 228 Conn. 513; and the trial court may not substitute its judgment for that of zoning commission "as long

as it reflects an honest judgment reasonably exercised." *Cybulski* v. *Planning & Zoning Commission*, supra, 43 Conn. App. 111.

Because our review of the record reveals a substantial basis of fact from which the finding that there was no ledge could be inferred, we conclude that the trial court improperly determined that the evidence before the commission did not afford a substantial basis from which that determination reasonably could be inferred and substituted its judgment for that of the zoning commission.

## II

The defendants next claim that the trial court substituted its interpretation of § 31.4.7 of the Naugatuck zoning regulations for that of the commission in rejecting, as insufficient, the evidence disclosing that no ledge had been discovered. Having concluded in part I B of this opinion that the trial court improperly determined that the evidence before the commission did not afford a substantial basis from which the absence of ledge reasonably could be inferred and substituted its judgment for that of the zoning commission, we need not address this claim.

## III

The defendants claim last that the trial court improperly substituted its judgment for the commission's decision that the special permit complied with the zoning regulations. We agree. As we discussed in parts I and II, the commission's decision was reasonable and supported by substantial evidence in the record.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.

In this opinion the other judges concurred.