[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the decision of the Planning Zoning Commission of the City of Groton (hereinafter the "Commission") CT Page 15656 to grant the application for a special permit and site plan submitted by Garbo Lobster Co., Inc. (hereinafter "Garbo") filed in connection with the use of real property located at 359-361 Thames Street within the City of Groton. For reasons hereinafter stated, the decision of the Commission is affirmed.
The plaintiffs have instituted this appeal under the provisions of General Statutes § 8-8. Section 8-8 limits appeals to persons aggrieved by the decision appealed from. Pleading and proof of aggrievement are essential to establish subject matter jurisdictions over an appeal under § 8-8. Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 192 (1996).
General Statutes § 8-8 (a)(1) includes among those persons considered aggrieved "any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision. . . ." General Statutes § 8-8 (a)(1). From the evidence, it is found that all of the plaintiffs own real property that is within 100 feet of the land involved in the decision of the Commission. It is, therefore, found that the plaintiffs are aggrieved and have standing to prosecute this action. Thoma v. Planning Zoning Commission, 31 Conn. App. 643,645 n. 2 (1993), affd, . 229 Conn. 325 (1994).
The facts underlying this decision are not greatly in dispute and may be summarized as follows.
The Commission exercises zoning functions and regulates the use of the premises in question under the authority of Chapter 124 of the General Statutes of Connecticut, §§ 8-1 et seq. and the appropriate regulations of the City of Groton. On May 19, 1998, Garbo applied for a special permit under the provisions of § 3.14.k of the zoning regulations for:
 A building and accessory facilities (existing dock, parking, loading areas) for the storage, distribution, and wholesaling of fresh seafood (lobsters). No canning, drying, or other type of industrial processing of seafood is proposed.
An application for a site plan was filed at the same time. Garbo also filed at that time an application for a coastal site plan for:
 Construction of a two-story building approximately 140 feet CT Page 15657 in length, 110 feet in width, with an attached one-story four-bay truck loading dock, grading, paving, lighting, fencing, landscaping and utilities for a new lobster pound, a water dependent use.
On July 31, 1998, Garbo, acting through its attorney, applied for pursuant to General Statutes §§ 8-3 (g) and 8-7d, a 65-day extension within which the Commission was required to act. A public hearing was held on Garbo's application for a special permit on August 18, 1998. This hearing was continued to September 15, 1998, and an onsite review of Garbo's existing Stonington facility was conducted on September 21, 1998.
On September 21, 1998, plaintiffs filed a notice of intervention under the provisions of General Statutes § 22a-19.
The Commission considered Garbo's applications at its meeting held on October 20, 1998. At its meeting held November 4, 1998, the Commission granted Garbo's applications for special permit, site plan and coastal site plan with conditions. The Commission also made findings as required by statute.
All public notices concerning hearings and actions by the Commission were properly published.
By their brief, the plaintiffs claim that the action of the Commission in granting Garbo's applications was illegal for the following reasons, each of which must be addressed by the court:
 The Commission's procedure was illegal for not complying with the consideration and decision-making process required by statute, and for empowering the zoning board of appeals to review a decision on the special permit application.
 The Commission lacked jurisdiction to render the decision because it failed to refer the proposal to each of the necessary Harbor Management Commissions.
Those matters not briefed or argued before the court will not be considered. Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 585, cert. denied,209 Conn. 813 (1988).
In deciding the issues presented by this appeal, the court is limited in its scope of review by statute and applicable case CT Page 15658 law. Review of the decisions of local zoning authorities is limited to a determination, principally on the record before the Commission, whether the Commission abused the discretion vested in it. Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440,444 (1979); Cybulski v. Planning Zoning Commission,43 Conn. App. 105, 110, cert. denied, 239 Conn. 949 (1996). This court can sustain the appeal only upon a determination that the action taken by the Commission was unreasonable, arbitrary or illegal. It must not substitute its judgment for that of the local Commission and must not disturb the decision of the Commission as long as honest judgment has been reasonably and fairly exercised.Bloom v. Zoning Board of Appeals, 233 Conn. 198, 206 (1995);Raczkowski v. Zoning Commission, 53 Conn. App. 636, 644-45
(1999). Conclusions reached by the Commission must be upheld by the court if they are reasonably supported by the record.Christian Activities Council, Congregational v. Town Council,249 Conn. 566, 583 (1999). The question on review of the Commission's action is not whether the court would have reached the same conclusion, but whether the record before the Commission supports the decision reached. Id. Although the factual and discretionary determinations of the Commission must be given considerable weight, it is for the court to expound and apply governing principles of law. Domestic Violence Services of Greater NewHaven, Inc. v. FOIC, 47 Conn. App. 466, 470 (1998). Plaintiffs bear the burden of proof to demonstrate that the Commission acted improperly. Bloom v. Zoning Board of Appeals, supra,233 Conn. 206; Raczkowski v. Zoning Commission, supra, 53 Conn. App. 640.
In this case, we are dealing primarily with the decision of the Commission to grant a special permit to Garbo. A special permit allows a property owner to put his property to a use which the regulations expressly permit under condition specified in the zoning regulations themselves. A.P. W. Holding Corporation v.Planning Zoning Board, 167 Conn. 182, 185 (1974). The terms "special permit" and "special exception" have the same meaning and can be used interchangeably. Beckish v. Planning ZoningCommission, 162 Conn. 11, 15 (1971).
"When considering an application for a special [permit], a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied. . . . It has no discretion to deny the special exception if the regulations and statutes are satisfied. . . . When a zoning authority has CT Page 15659 stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertinent to the decision. . . . The zoning board's action must be sustained if even one of the stated reasons is sufficient to support it. . . . In light of the existence of a statutory right of appeal from the decisions of local zoning authorities, however, a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty. . . ." (Internal quotation marks omitted; citations omitted.) Quality Sand Gravel, Inc. v. Planning ZoningCommission, 55 Conn. App. 533, 537 (1999).
 I.
The plaintiffs claim that the decision to grant the special permit to Garbo was illegal because the Commission did not comply with the decision-making process required by statute. It is also claimed that the decision was improper because the Commission empowered the zoning board of appeals to review the decision on the special permit application.
In considering an application for a special permit, the Commission acts in its administrative capacity. A.P W HoldingCorporation v. Planning Zoning Board, supra, 167 Conn. 186. Although the Commission does have discretion in considering an application for a special permit, it has the duty to follow the law. Vose v. Planning Zoning Commission, 171 Conn. 480, 486
(1976).
General Statutes § 8-2 authorizes municipalities to provide for special permits under zoning regulations and allows the municipality to designate either the planning and zoning Commission or zoning board of appeals as the authority empowered to issue such permits in accordance with the regulations. Section 6.5 of the zoning regulations of the City of Groton entitled "Special Permit Procedure" authorizes the Commission to consider and grant special permits in accordance with the standards and regulations provided. It is the plaintiffs contention that the procedure set out in the zoning regulations was not followed here. The plaintiffs claim that after Garbo's application was filed, the zoning enforcement officer was permitted to act upon the application ex parte without notice and without public hearing. It is claimed that this officer then published a notice of his final decision in a newspaper inviting aggrieved parties CT Page 15660 to appeal to the zoning board of appeals. It was only after this had been accomplished that the Commission published the notices required by statute and held the public hearings required before a special permit could be granted.
The record is somewhat at variance with the plaintiffs' version of the facts.
The record indicates that after Garbo's application was filed on July 7, 1998, a document which would have to be considered in opposition to the application was filed with the Commission. This document was entitled "Comments on Application No. 292 Waterfront Business Residence Zone, Special Permit Uses." This document set forth in ten numbered paragraphs certain negative factors concerning the application which the Commission was invited to consider. Paragraph ten, which is divided into a number of subparagraphs, in effect, claims that the activity described in the application was, in fact, a trucking terminal. Trucking terminals are not allowed in the waterfront business residence zone under the regulations.
The record discloses that on July 31, 1998, the city planner sent to the New London Day public notices for the public hearing to be held on Garbo's application on August 18, 1998. The letter requested publication of the notice on August 7, 1998 and August 14, 1998. The record further indicates that on the same day that the public notice was sent to the newspaper, July 31, 1998, Garbo's attorney faxed a message with follow-up letter via U.S. Mail to David Atkinson, zoning enforcement officer for the City of Groton. In this letter, the attorney stated that it was in everyone's interest to identify and address and resolve certain matters before the public hearing so that the parties could focus on the essential points of the application. He then requested a formal ruling from the zoning enforcement officer on two questions. The first question was, "Is the proposed use one permitted by special permit in the WBR zone?" The attorney went into some detail with respect to this question and stated, "I note that a neighbor has written to the Commission claiming that the actual use is a "trucking terminal' per § 3.32, and hence, only permitted in the general industrial zone. This issue should be authoritatively addressed before the public hearing." The second question was, "Does the area of the lobster pounds count towards the parking requirement of § 4.35?" By letter dated August 5, 1998, the zoning enforcement officer replied to the attorney's letter giving his answer to both of the proposed CT Page 15661 questions. In answer to the question concerning whether or not the proposed use was a trucking facility, the officer stated, "It is not, in my opinion a trucking terminal, . . . ." On August 6, 1998, the attorney faxed to the zoning enforcement officer a two-page communication. The first page contained certain comments in which the attorney stated that he was concerned about an appeal from the August 5 ruling by the zoning enforcement officer. He expressed concern about the law governing the time within which such appeals must be taken and expressed a desire to publish a legal notice at his expense. The second page contained the proposed legal notice. It appears that the notice which appears below was in fact published by Garbo's attorney in the New LondonDay.
 CITY OF GROTON ZONING ENFORCEMENT OFFICER NOTICE OF DECISION By letter dated August 5, 1998, the Zoning Enforcement Officer of the City of Groton, David L. Atkinson, issued a formal decision that a facility for the storage, distribution and wholesale of seafood now proposed by Garbo Lobster Company, Inc. for property at 359-361 Thames Street, Groton, in the Waterfront Business Residential (WBR) Zone is a use permitted by Special Permit as outlined in Section 3.14(k) of the City Zoning Regulations; and is not a "trucking terminal." Aggrieved persons may appeal this decision to the City of Groton Zoning Board of Appeals within thirty (30) days of the date of decision in accordance with §§ 8-6 and 8-7 of the Connecticut General Statutes.
 Published by Garbo Lobster Co., Inc. Mark K. Branse, Counsel
This court notes that the last sentence of the published notice invites aggrieved persons to appeal this decision to the city zoning board of appeals pursuant to General Statutes §§8-6 and 8-7. Section 6.21b of the zoning regulations authorizes the zoning board of appeals to hear and decide appeals where it is alleged there is an error in any order or decision made by a zoning and building official.
The court has taken judicial notice of the case entitledBoris v. Garbo Lobster, Superior Court, judicial district of New London at New London, Docket No. 547637, (April 6, 1999, Mihalakos, J.) Judicial District of New London. The parties in that action were identical to the parties in the present action CT Page 15662 and the appeal dealt with the special permit and site plan involved in the present action. In this appeal, the plaintiffs claimed that Mr. Atkinson, the zoning enforcement officer, was acting as agent for the Commission when he rendered his decision on Garbo's application on August 5, 1998. The complaint mentioned publication of the notice of the Zoning Enforcement Officer's decision in the New London Day on August 8, 1998. The complaint further avers that no notice was published prior to the decision and no public hearing was held in connection with the hearing. It was further stated that the Commission's decision and administrative findings were in violation of the law. On December 10, 1998, Garbo's attorney filed a motion to dismiss this action claiming that the court did not have subject matter jurisdiction because the plaintiffs failed to exhaust their administrative remedies prior to commencing the action. By memorandum of decision dated April 6, 1999, the court (Mihalakos, J.) granted Garbo's motion to dismiss. In his memorandum of decision dismissing the action, Judge Mihalakos reached the following conclusion, "Consequently, this court holds that the Zoning Enforcement Officer's decision was not a final decision of the Groton Planning Zoning Commission. As a preliminary interpretation of the zoning regulations, the Zoning Enforcement Officer's decision is not appealable to this court." Id.
On April 26, 1999, the plaintiffs filed a petition for certification by Appellate Court. The record indicates that on June 11, 1999, this petition for certification was denied.
The plaintiffs claim that the Commission authorized a procedure which is at complete variance with the law in considering Garbo's application. It is the plaintiffs' contention that the Commission referred the matter to the zoning enforcement officer and authorized that officer to render a formal decision without public notice and without a public hearing. It is further claimed that after the Zoning Enforcement Officer issued his formal decision, the Commission authorized an appeal on the special permit and site plan applications to be made to the Zoning Board of Appeals. It is further contended that the Commission published a legal notice confirming this illegal procedure.
The record does not support these allegations. The record shows that on July 31, 1998, the city planner sent to the newspaper legal notices for the public hearing which would start the correct statutory process which the Commission was required CT Page 15663 to follow in considering Garbo's application and which the Commission did follow.
The record further shows that on the same date that the legal notice was sent to the newspaper, Garbo's attorney, concerned about the claim that the proposed use was a truck terminal, faxed to the Zoning Enforcement Officer a request for an opinion. There is nothing in the record to indicate that the Commission itself requested the Zoning Enforcement Officer's opinion or in any way delegated to that officer authority to make such a decision. It is also clear from the record that the Commission did not authorize the notice which appeared in the newspaper advising parties that they could appeal the "formal decision" of the Zoning Enforcement Officer to the Zoning Board of Appeals. This notice was published by Garbo's attorney.
It cannot be found from the evidence that the plaintiffs' claim that the Commission instituted and followed an illegal procedure in handling Garbo's application has been proven. The record is clear that the Commission followed the statutes in rendering the decision which is now before the court. Despite the wording of Garbo's newspaper publication, the opinion of the Zoning Enforcement Officer was not a "formal decision." At best, this decision was merely a preliminary interpretation of the zoning regulations which the Commission was free to accept or reject. This conclusion is consistent with the decision of Judge Mihalakos in Boris v. Lobster, supra, Superior Court, Docket No. 547637.
 II.
The plaintiffs claim that the Commission lacked jurisdiction to render a decision on Garbo's application because it failed to refer the proposals to Harbor Management Commissions (hereinafter "HMC") as it was required by law to do. It is claimed that the Commission was required by law to refer Garbo's applications to the HMCs for the City of Groton and the City of New London. There is nothing in the record to indicate that anything was sent to either HMC by the Commission.
As a general rule in zoning matters, failure to give statutorily required notice may be a jurisdictional defect and not a merely procedural matter. Slagle v. Zoning Board ofAppeals, 144 Conn. 690, 693 (1957); see also Simmons v. ZoningCommission, 35 Conn. Sup. 246, 257 (1979). The issue of notice to CT Page 15664 the HMCs is somewhat complicated by the fact that plaintiffs did not raise this claim at the public hearing. It appears that the claim was first brought to the Commission's attention in the plaintiffs' brief filed about six months after the start of the appeal. To assist the court in remedying this situation, it was agreed that the court could take judicial notice of an ordinance enacted by the City of Groton in October, 1984, designating the Waterfront Commission of the City of Groton as its HMC.
Any municipality, such as the City of Groton, having within its limits navigable waters as defined in subsection (b) of §15-3 a, is authorized to designate any existing board or commission as its HMC under the provisions of General Statutes §22a-113k. The Groton ordinance was enacted under the provisions of this statute. General Statutes § 22a-113m authorizes the HMC to prepare a harbor management plan. The statute requires that any proposed plan prepared by the HMC be reviewed by the U.S. Army Corps of Engineers and approved by the Commissioners of Environmental Protection and Transportation. Upon approval by the Commissioners, the plan then could be adopted by ordinance of the legislative body which established the HMC. No ordinance indicating adoption of the plan by the City of Groton has been submitted and it must be concluded that the City has not adopted such plan.
General Statutes § 22a-113p sets up the notice requirements which are at issue in the present case. The notice requirements involve "any proposal affecting the real property on, in or contiguous to the harbor that is received by any zoning commission, . . . ." General Statutes § 22a-113p. The property involved in this appeal would fall within this definition. The statute requires that the HMC be notified of any such proposal at least 35 days prior to the commencement of the hearing on the proposal. The statute further requires that the agency, here, the Commission, send a copy of such proposal to the HMC upon the request of the HMC. The HMC then "may review and make recommendations, consistent with a plan," on the proposal. If the HMC elects to make recommendations concerning the plan, the Commission would be required by the statute to consider the recommendations. If the proposal does not receive a favorable recommendation from the HMC, a two-thirds vote of the Commission would be required for approval. Failure of the HMC to submit a recommendation would be deemed approval of the proposal.
The function of the HMC under § 22a-113p is discretionary and CT Page 15665 limited. The Commission may review and make recommendations concerning the plan "consistent with the plan." Here, no plan had been adopted by the City of Groton. Therefore, the HMC could take no action with respect to Garbo's application. The statute does not authorize the HMC to review any proposal in the absence of the objective standards which would be included in a harbor management plan. It is clear from a reading of General Statutes Chapter 444a, § 22a-113p that the principal function of the HMC evolves around the implementation of the harbor management plan. Where no plan exists, there is no statutory or regulatory standards which the HMC may use to review and make recommendations concerning any proposal referred to it.
The same reasoning was applied by our Supreme Court in Monroev. Middlebury Conservation Commission, 187 Conn. 476, 482-85
(1982). In that case, the court held that a water authority was not empowered to act on applications for water supply plans until it first published its own regional water supply plan. In reaching this conclusion, the court stated: "To hold otherwise, to permit an administrative agency to develop an ad hoc plan as a yardstick against which to measure any given proposal, is to substitute whimsy for sound judgment." Id., 484.
It is clear then that the City of Groton's HMC had no authority under the law to review Garbo's application. Under such circumstances, it cannot then be found that any failure of the Commission to notify the HMC of Garbo's pending proposal could be a jurisdictional defect rendering the decision appealed from void under Smith v. F. W. Woolworth Co., 142 Conn. 88, 94 (1955).
It is also doubtful that any failure by the Commission to give notice to the HMC as required by § 22a-113p would constitute a jurisdictional defect which plaintiffs could take advantage of Our Supreme Court has distinguished between statutorily required published notice to the general public and statutorily required personal notice to specific entities. See e.g., Lauer v. ZoningCommission, 220 Conn. 455, 461 (1991). The court has held that failure to give newspaper notice to the public is a subject matter jurisdictional defect. Id., Jarvis Acres, Inc. v. ZoningCommission, 163 Conn. 41, 44 (1972). The court has also held that failure to give personal notice to a specific individual is not a jurisdictional defect and that lack of such notice may be waived by the party entitled to notice. Lauer v. Zoning Commission, supra. 461-62. It is much more likely that the unspecified notice requirement of § 22a-113p was included by the legislature for the CT Page 15666 benefit only of the HMC and was never intended to affect a general notice to the public. It must therefore be concluded that any failure to give the notice required under this statute does not create a jurisdictional defect which would render the decision of the Commission void.
A review of the court file in this case indicates an additional problem concerning whether or not notice was given to the HMC in accordance with § 22a-113p. The claim of failure to give notice was first raised by the plaintiffs, not at the public hearing, but well after the start of this action.
In their brief, the Commission and Garbo claim that notice was given to the HMC. As noted, however, there is nothing in the return of record to confirm any such notice. The statute does not prescribe any particular form to the notice and oral notice might well satisfy the requirements of the statute.[1] "There is a strong presumption of regularity in the proceedings of a public body such as a municipal planning and zoning commission. (Internal quotation marks omitted.) Trinkley v. Ella GrassoRegional Center, 220 Conn. 739, 743 (1992). Plaintiffs have the burden of proof to demonstrate that the commission acted improperly. Bloom v. Zoning Board of Appeals, supra,233 Conn. 206.
The plaintiffs also claim that the decision of the Commission to grant Garbo's applications was jurisdictionally defective because the Commission failed to notify the City of New London Harbor Improvement Agency. At plaintiffs' request, the court took judicial notice of an ordinance of the City of New London creating a harbor improvement agency. It is unclear as to whether this agency which was enacted in accordance with the provisions of Public Act No. 522 entitled "An act concerning community development," 1967 session of the General Assembly performs the same function as the HMC enacted under the provisions of General Statutes § 22a-113k, or that the notice requirements of §22a-113p would apply to this agency. Under the New London ordinance, the Harbor Improvement Agency is authorized to prepare a harbor improvement plan. The procedure for enactment of such a plan as outlined in the ordinance is quite different from that required for a harbor management plan enacted under General Statutes § 22a-113m. Also, there is nothing in evidence to indicate that the City of New London has ever enacted a harbor improvement plan. CT Page 15667
There does not appear to be any statutory basis for plaintiffs' claim that the Commission was required to notify the New London Harbor Improvement Agency of the pendency of Garbo's applications. Even if there was such a requirement, there is nothing to indicate that New London had ever produced a harbor improvement plan. Therefore, the New London agency would be powerless to review Garbo's application. Monroe v. MiddleburyConservation Commission, supra, 187 Conn. 484-85. Failure to give notice to the New London agency would not be a jurisdictional defect under the law. Lauer v. Zoning Commission, supra,220 Conn. 459-65.
 CONCLUSION
From the evidence and the law, it cannot be found that action taken by the Commission in approving the special permit and site plans was unreasonable, arbitrary or illegal. Accordingly, the decision appealed from is approved.
Joseph J. Purtill Judge Trial Referee