[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I
 STATEMENT OF APPEAL
The plaintiff, 70 Water Street Associates, LLC, appeals from the decision of the defendant, Norwalk zoning commission (commission), granting the application of the defendant, 90 Water Street Associates, LLC, for a special permit and coastal area management (CAM) approval to construct a multi-story office building, two single-story commercial buildings and eight boat slips on property located at 90 Water Street in South Norwalk, Connecticut. The subject property is owned by the defendants, Alvin Farans and Neil Farans d/b/a/ Coastal States Holding Company. The property is located in the city's Marine Commercial Zone and is within the boundaries of the CAM zone. The plaintiff, owner of property which abuts the subject property, also filed with the commission a verified notice of intervention pursuant to General Statutes §22a-19[1] to intervene as a party to the proceeding on the application.
 II BACKGROUND
The record reveals the following relevant facts. On September 12, 2000, 90 Water Street Associates, LLC, filed an application for a special permit and CAM approval to construct three commercial buildings on a parcel of land located at 90 Water Street in South Norwalk, Connecticut. (Return of Record (ROR) Items 7 12.) The subject parcel was once the site of "an oil tank farm" but is presently utilized as a parking area. (ROR, Item 5, p. 2.) 90 Water Street Associates, LLC, is the contract purchaser of the property. (ROR, Item 9.) A public hearing on the application was held on November 15, 2000. (ROR, Item 2.) At that hearing, the plaintiff filed a verified petition to intervene in the CT Page 1969 proceeding pursuant to § 22a-19. (ROR, Item 75.) Thereafter, the commission referred the application and the plaintiff's § 22a-19
petition to the city plan review committee for evaluation. (Id.) The plan review committee recommended to the commission that the proposed development was not likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the environment. (ROR, Item 87.) On December 6, 2000, the commission approved the application with conditions. (ROR, Item 53.) In its decision, the commission stated that it "does not believe that the application as submitted . . . and as shown on various other supporting plans and documentation, will have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state . . ." (Id.)
Presently before the court is the plaintiff's appeal from the commission's approval of the application. As grounds for the appeal, the plaintiff alleges that the commission acted illegally, arbitrarily and in abuse of its discretion in the following ways: (1) by failing to act to minimize adverse environmental impacts in violation of § 118-505(B) (1)[2] of the city's zoning regulations; (2) by failing to act to lessen congestion in the streets of the city in violation of § 118-200(A)[3] of the regulations; (3) by failing to enforce § 118-1240(D) (1)[4] of the regulations; (4) by failing to enforce § 118-1450(C) (1) (b)[5] of the regulations; (5) by failing to enforce § 118-1450(C) (1) (e)[6] of the regulations; and (g) by failing to consider the unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resources of the State of Connecticut and by approving a development which, as proposed, will or is likely to have the effect of causing unreasonable pollution, impairment or destruction in violation of § 22a-19. (Appeal, ¶ 13.)
 JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning commission to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Bridgeport Bowl-a-Rama v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985).
Aggrievement
"[P]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Citations CT Page 1970 omitted; internal quotation marks omitted.) Harris v. Zoning Commission,259 Conn. 402, 409, 788 A.2d 1239 (2002). The burden of proving aggrievement rests with the plaintiff. Quarry Knoll II Corp. v. Planning Zoning Commission, 256 Conn. 674, 701, 780 A.2d 1 (2001). "In the case of a decision by a . . . planning and zoning commission . . . `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a) (1).
At the July 8, 2002 hearing on the plaintiff's appeal, Leonard DiNardo, a member of 70 Water Street, LLC, testified that the plaintiff is the owner of property that abuts the subject property. A certified copy of the deed to 70 Water Street was also introduced into evidence. The court finds, accordingly, that the plaintiff is statutorily aggrieved for the purpose of bringing this appeal. Because the plaintiff filed a verified petition of intervention pursuant to § 22a-19, the court finds that the plaintiff is also aggrieved for the purpose of appealing the commission's environmental determinations. See Hyllen-Davey v. Plan Zoning Commission, 57 Conn. App. 589, 593, 749 A.2d 682, cert. denied, 253 Conn. 926, 754 A.2d 796 (2000).
Timeliness and Service of Process
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and (f) [now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) [now subsection (f)] further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
Notice of the commission's decision was published in the Norwalk Hour
newspaper on December 14, 2000. (ROR, Item 52.) The plaintiff commenced this appeal on December 22, 2000, by service of process upon Ernest DesRochers, chairman of the Norwalk zoning commission, upon Kevin Fitzgerald, town clerk of the city of Norwalk, and upon Mary Roman, city clerk of the city of Norwalk. (Marshall's Return. ) The court finds, accordingly, that the plaintiff commenced this appeal in a timely fashion upon the proper parties.
 SCOPE OF REVIEW
"The terms special permit and special exception have the same legal CT Page 1971 import and can be used interchangeably." (Internal quotation marks omitted.) Connecticut Resources Recovery Authority v. Planning Zoning Commission, 46 Conn. App. 566, 569, 700 A.2d 67, cert. denied,243 Conn. 935, 702 A.2d 640 (1997). "A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the conditions necessary to protect the public health, safety, convenience, and property values." (Citations omitted; internal quotation marks omitted.) Raczkowski v. Zoning Commission, 53 Conn. App. 636, 639-40,733 A.2d 862, cert. denied, 250 Conn. 921, 738 A.2d 658 (1999). "[I]t is well settled that in granting a special permit, an applicant must satisf[y] all conditions imposed by the regulations . . . The zoning commission has no discretion to deny the special exception if the regulations and the statutes are satisfied." (Internal quotation marks omitted.) Id., 640.
"The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised . . . The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site or through their personal knowledge of the area involved." (Internal quotation marks omitted.) Id., 643. "Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably." (Internal quotation marks omitted.) Id., 639. "The burden of proof to demonstrate that the [commission] acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Bloom v. ZoningBoard of Appeals, 233 Conn. 198, 206, 658 A.2d 559 (1995).
 DISCUSSION A
Whether the Commission Erred in Concluding that the Application Was Unlikely to Have the Effect of Unreasonably Polluting, Impairing or Destroying the Public Trust in the Air, Water or Natural Resources of the State
The plaintiff first argues that the commission erred in concluding that the application was unlikely to have the effect of unreasonably polluting, impairing or destroying the public trust in the natural resources of the state in violation of § 22a-19. The plaintiff argues that the record contained evidence of unremediated petroleum CT Page 1972 contamination on the subject property dating back to the time of its use as a site for petroleum storage. (Plaintiff's Memorandum, p. 10.) The plaintiff reasons that "[i]f the buildings, sidewalks and parking lot are constructed as set forth in the plans accompanying the application, then the possibility of true remediation of this source of soil and groundwater pollution will be eliminated. The problem will be `covered over' and there is a very real possibility that the leaching into the surrounding soil and water of the petroleum products will continue." (Id., p. 13.) The plaintiff also argues that the commission improperly concluded that removal of pollutants from the ground would necessarily occur as part of the proposed development and that the commission should have, instead, expressly conditioned its approval of the application on the removal of past pollutants. (Id., p. 16.)
The defendants counter, first, that the plaintiff has confused the issue of environmental damage arising from a prior owner's use of the subject property with the issue which was before the commission in this case, namely whether the applicant's proposed use was likely to have the effect of unreasonably polluting or impairing the environment. (Defendants' Memorandum, pp. 11-12.) The defendants argue that "[w]hat the plaintiff conveniently overlooks is the fact that the subject premises is not a pristine piece of waterfront property about to be sullied by the Defendant's development. Rather, the subject premises was already subjected to a heavy industrial use and is in need of a use which is consistent with the City's Zoning Regulations." (Id., p. 13.) The defendants further argue that the present application actually proposed a cleanup of the site "in a manner satisfactory to the department of environmental protection" and thus, the defendants assert, there was no reason for the commission to stipulate, as a condition of its approval, a cleanup of the site. "It was something the applicant proposed to do in the first place." (Id., pp. 13-16.) The court agrees with the defendants.
The plaintiff cites no case law, nor has research produced any, to support its position that § 22a-19 requires a local agency to consider the environmental impacts of a prior owner's use of property, and to order remediation of the effects of such prior use, as a condition of approval of an applicant's proposed use of the property. Section 22a-19
(b) provides simply: "In any administrative, licensing or other proceeding, the agency shall consider the alleged unreasonable pollution, impairment or destruction of the public trust in the air, water or other natural resources of the state and no conduct shall be authorized orapproved which does, or is reasonably likely to, have such effect . . ." (Emphasis added.) "By its plain terms, General Statutes § 22a-19 (b) requires the consideration of alternative plans only where the commission CT Page 1973 first determines that it is reasonably likely that the project would cause unreasonable pollution, impairment or destruction of the public trust in the natural resource at issue." (Emphasis added; internal quotation marks omitted.) Paige v. Town Plan Zoning Commission,235 Conn. 448, 462-63, 668 A.2d 340 (1995.) "The project" referred to inPaige v. Town Plan Zoning Commission, as in every other case on point, refers to the project which is the subject of the zoning application. See, e.g., Red Hill Coalition, Inc. v. Town Plan Zoning Commission, 212 Conn. 727, 735, 563 A.2d 1339 (1989); ManchesterEnvironmental Coalition v. Stockton, 184 Conn. 51, 59-60, 441 A.2d 68
(1981); Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 502-03,400 A.2d 726 (1978).
The court finds no evidence in the record, nor does the plaintiff cite to any, to support a finding that the application under consideration was likely to have the effect of unreasonably polluting or destroying the public trust in the natural resources of the state. Indeed, the evidence in the record supported a finding that the proposed application would, in fact, improve environmental conditions on the subject property. (See, e.g., ROR Items 7, 13 43.) As previously noted, where the record supports the commission's determination that the proposed conduct does not violate § 22a-19 (b), the court must sustain that conclusion.Mystic Marinelife Aquarium, Inc. v. Gill, supra, 175 Conn. 502-03.
 B
Whether the Application Violated City Regulations Pertaining to Traffic Conditions, Traffic Flow and Parking Entrances and Exits
As grounds for sustaining the appeal, the plaintiff also alleges that the commission's decision violated several sections of the city's regulations pertaining to traffic flow, safety and congestion. Specifically, the plaintiff argues that "the commission erred in issuing a special permit and in approving a Coastal Area Management application based on a site plan calling for a development which includes . . . a two-way driveway which . . . does not line up with a City of Norwalk street named `Elizabeth Street.'" (Plaintiff's Memorandum, p. 26.) The plaintiff argues that the imperfect alignment between the two streets violates General Statutes § 14-241, which requires a right hand turn to be made as close as practicable to the right hand curb and a left hand turn to be made in such a manner as the vehicle should leave an intersection as nearly as practicable in the left hand lane of the street being entered. (Id., p. 28.) The plaintiff reasons that "simple observation of the proposed layout demonstrates that traffic wishing to turn right and proceed north on Water Street and traffic wishing to turn CT Page 1974 right and then left onto Elizabeth Street will be in conflict with each other. Traffic wishing to turn right and then left onto Elizabeth Street will conflict with traffic moving both north and south on Water Street." (Id., p. 29.)
The defendants counter that the record contains uncontroverted expert testimony that the development would achieve an excellent level of traffic service. Moreover, the defendants argue that the applicant's traffic consultant, Henry Ditman, testified that the offset between the proposed driveway and Elizabeth Street was very slight and that a driver would simply exit the proposed driveway at a slight angle. (Defendants' Memorandum, pp. 18-19.) The defendants conclude that the plaintiff, which did not hire its own traffic consultant, is simply "attempting to substitute its own second guessing for the considered judgment of a qualified traffic consultant and the judgment of the commission. " (Id., p. 19.) The court agrees with the defendants.
As previously noted, "[t]he settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." (Internal quotation marks omitted.) Raczkowski v. Zoning Commission, supra, 53 Conn. App. 643. Further, "[r]eview of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably." (Internal quotation marks omitted.) Id., 639. "The burden of proof to demonstrate that the [commission] acted improperly is upon the plaintiffs." (Internal quotation marks omitted.) Bloom v. Zoning Board of Appeals, supra,233 Conn. 206.
The record in the present appeal contains a letter of approval from the Norwalk department of public works signing off on the project as well as well as a letter recommending approval of the project from the city's plan review committee. (ROR, Items 33 43.) It also contains a traffic study prepared by Barkan Mess Associates, Inc., a traffic engineering and planning firm, which states in part: "Access to the site will be provided via one centrally located driveway opposite but just south of Elizabeth Street. The location and alignment of the driveway allows for counterclockwise one-way traffic circulation through the site. Since Elizabeth Street is one-way away from Water Street, there are no concerns relative to the intersection being slightly offset. Further, the proximity of the driveway is such that vehicles exiting the site to use Elizabeth Street will essentially be a through movement." (ROR Item 6, p. 3.) The study further states: "The results of the analyses indicate that this proposed mixed use development will not impact traffic CT Page 1975 operations in the vicinity of the site. Vehicles will be able to enter and exit the site comfortably with little delay at [level of service] B or better . . . Regarding access, the driveway is well designed and appropriately situated. The slight offset from Elizabeth Street will have little affect on traffic operations and allows for an efficient one-directional counterclockwise flow through the site." (Id., pp 5-6.)
Additionally, Henry Ditman, a licensed professional engineer and the applicant's traffic consultant, also testified before the commission at the public hearing. He stated: "The driveway does not exactly line up opposite Elizabeth Street. It has a slight offset which means that the center line of the driveway does not line up with the center line of Elizabeth Street. However, the offset is so slight that if you were waiting . . . to exit the driveway, the movement onto Elizabeth Street would be off on an angle. It would not be a right turn and then a left turn." (ROR, Item 2, p. 20.) Based on the record, the court finds that there was substantial and uncontroverted evidence to support the commission's determination that the subject application complied with all relevant regulations pertaining to traffic.
 CONCLUSION
For the foregoing reasons, the plaintiff's appeal is dismissed.
By the Court,
Burke, J.